Mr. Justice CATROH
 

 delivered the opinion of the court.
 

 Tn the case of Charles Ballance against Papin and Atchison, the same title was relied on by the defendant below (Ballance) that was set up in- defence in the preceding case of Forsyth
 
 v.
 
 Brien and Rouse. The plaintiff sued to recover a village lot in Peoria, Ho. 42, confirmed to Eontaine, in right of his wife, Josette Cassarau, dit Eontaine. A plat of lot Ho. 42 was given in evidence, and is found in the record, but no certificate of. the surveyor accompanies this plat, and without such certificate there is no evidence that lot Ho. 42 was lawfully surveyed. The act of 1823 (sec. 2) required that a survey should be made of each lot confirmed to the claimant, and. a plat thereof forwarded to the Secretary. The evidence of a legal United States survey is not a mere plat, without any written description of the land by metes and bounds; neither the plat, nor less proof than a written description, will make a record on wmch a patent can issue.. That most accurate evidence -of separate surveys of the village lots of Peoria exists, we
 
 know;
 
 but as none is found m this record of lot No. 42, it follows, from the reasons given in the previous case, that no title was adduced in the Circuit Court that authorized it to reject the instructions demanded by the defendant; that, comparing the titles of the parties by their face, the defendant’s was the better one. But as the same-question of the application of the act of limitations arises in this case as it did in the former one, it must of course have been reversed, had the certificate of survey been found in the record. "We therefore order that the judgment be reversed, and .the cause remanded for another trial to be had therein.
 

 Mr. Justice' McLEAH dissented.